UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LEROY SIMMONS                                CIVIL ACTION

VERSUS                                       NUMBER: 08-3690

MICHAEL J. ASTRUE,                           SECTION: "B"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

                      **REPORT AND RECOMMENDATION**

       Presently before the Court is defendant's motion to remand. (Rec. doc. 8).  Plaintiff has filed no opposition to defendant's motion.  For the reasons that follow, it is recommended that defendant's motion be granted.

       The above-captioned matter is an action for judicial review of an adverse decision of the Commissioner of the Social Security Administration denying plaintiff's application for Supplemental Security Income ("SSI") benefits. (Rec. doc. 1). The relevant part of the governing statute, 42 U.S.C. §405(g), provides that "[a] court may, on motion of the Commissioner ... made for good cause shown before the Commissioner files ... [an] answer, remand the case to the Commissioner for further action ..."  The reason cited by the Commissioner in moving to remand this case is the

inaudibility of the audiotape of the administrative hearing that was held on August 30, 2007 and his desire to hold another hearing at which an audible audiotape will be generated.  The need to locate or to reconstruct a claimant's lost claim file, of which the audiotape is an integral part, constitutes "good cause" within the meaning of §405(g).  Simon v. Heckler, 585 F.Supp. 537, 538 (S.D. Ohio 1984).  See also Mullen v. Secretary of Health and Human Services, 878 F.Supp. 682, 683-84 (D. Del. 1995).  Accordingly, it will be recommended that defendant's motion be granted, reserving to plaintiff the right to move to reopen this matter if a new administrative hearing is not held within a reasonable period of time.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendant's motion be granted and that plaintiff's case be remanded to the Commissioner, reserving to plaintiff the right to move to reopen this matter if a new administrative hearing is not held within a reasonable period of time.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  27th  day of     October    , 200 8  .

_____
UNITED STATES MAGISTRATE JUDGE